# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRUDY J. SALLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 3:12-cv-00306-RCJ-WGC |
| ) | |
| TRUCKEE MEADOWS WATER AUTHORITY ) | **ORDER** |
| et al., ) | |
| ) | |
| Defendants. ) | |

This case arises out of the allegedly discriminatory and retaliatory termination of a public employee. Defendants have moved to dismiss the Complaint and the Amended Complaint ("AC"). For the reasons given herein, the Court grants the motions.

## I.      FACTS AND PROCEDURAL HISTORY

Plaintiff Trudy J. Salley was an employee of Defendant Truckee Meadows Water Authority ("TMWA"), where Defendant Yugandhar Narala was her supervisor. (Am. Compl. ¶¶ 4–5, Nov. 29, 2012, ECF No. 19). Plaintiff is a Caucasian-American female, and Narala is an Asian-American male. (*Id.* ¶¶ 6–9). Plaintiff performed her job satisfactorily, but Narala discriminated against her via excessive scrutiny, yelling, false accusations, rudeness, ostracism, demotion, transfer, alteration of duties, negative performance evaluations, discipline, and eventual termination, due to Plaintiff's race and gender, and in retaliation for Plaintiff's report of the allegedly discriminatory treatment to the Human Resources department. (*Id.* ¶¶ 10–16).

Plaintiff sued Defendants in state court on five causes of action: (1) color, national origin,

and gender discrimination in violation of the Equal Protection Clause pursuant to 42 U.S.C. § 1983; (2) retaliation in violation of the First Amendment pursuant to § 1983; (3) intentional infliction of emotional distress ("IIED"); (4) tortious discharge; and (5) negligence.  Defendants removed and moved to dismiss.  Plaintiff did not respond except to file the untimely[1] AC.  The AC contains the same five causes of action, and Plaintiff has not attempted to address the alleged deficiencies complained of in the first motion to dismiss.  The AC makes the following changes: (1) "yelling" is now "frequent yelling"; (2) "rudeness" is now "constant rudeness"; (3) "ostracism" is now "eventual ostracism"; (4) Plaintiff concludes that "Narala's conduct was severe and pervasive, and outrageous"; and (5) Plaintiff brings a sixth claim under Title VII.  Defendants have moved to dismiss the AC.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

---

[1] Defendants filed, and thereby electronically served, the first Motion to Dismiss (ECF No. 16) on September 12, 2012.  Plaintiff had twenty-one (21) days to respond or file the AC, i.e., until October 3, 2012 or the next court day thereafter. *See* Fed. R. Civ. P. 15(a)(1)(B).  The parties stipulated to give Plaintiff until October 30, 2012 to respond.  Plaintiff did not respond but filed the AC on November 29, 2012.  First, Defendants did not stipulate to extend time to amend in lieu of responding under Rule 15.  They stipulated only to extend the time to respond to the motion.  Second, even if Defendants had so stipulated, the AC is a month late even under the stipulated month-long extension.  Third, even if the AC were not untimely under the stipulated extension, it simply does not address the alleged substantive sufficiencies but is essentially a refiling of the same Complaint not sufficient to constitute a substantive amendment that would moot the first Motion to Dismiss, except to the extent that it adds a sixth cause of action.  For these reasons, the Court will grant the first Motion to Dismiss (ECF No. 16), as against the five claims in the Complaint, for failure to respond, which failure constitutes consent to granting the motion. *See* local R. 7-2(d).

12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

2001).

### III.   ANALYSIS

The Court grants the first Motion to Dismiss for failure to respond, as explained, *supra* note 1.  The Court will, however, grant a retroactive extension as to the new sixth cause of action and apply the second Motion to Dismiss (ECF No. 20) as against that cause of action alone.

The sixth cause of action is a Title VII claim for race and sex discrimination and retaliation against TMWA.  But Plaintiff does not allege even in conclusory fashion that she filed a complaint with the EEOC or NERC, or that she has received a right to sue letter and sued within ninety days.  The Court dismisses this claim with leave to amend.

In summary, the Court grants the first Motion to Dismiss for failure to respond.  The Court grants a retroactive extension of time to amend to add the claim under Title VII, which is the only operative claim in the AC, and dismisses the AC, with leave to amend, for failure to allege exhaustion of administrative remedies.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 16) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 20) is GRANTED, with leave to amend the Title VII claim within fourteen (14) days of the entry of this order into the electronic docket.

IT IS SO ORDERED.

Dated this 26th day of April, 2013.

_____
ROBERT C. JONES
United States District Judge