**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

TRUDY J. SALLEY,

      Plaintiff,

vs.                                                          3:12-cv-00306-RCJ-WGC

                                                  **ORDER**

TRUCKEE MEADOWS WATER
AUTHORITY, et al.,

      Defendants.

      This case arises out of the allegedly discriminatory and retaliatory termination of a public employee. Defendants have moved to dismiss the action with prejudice (ECF No. 36) and to strike Plaintiff's Second Amended Complaint (ECF No. 41). For the reasons given herein, the Court grants the Motion to Strike, and the Motion to Dismiss is denied as moot.

**I.    FACTS AND PROCEDURAL HISTORY**

      Plaintiff Trudy J. Salley was an employee of Defendant Truckee Meadows Water Authority ("TMWA"), where Defendant Yugandahar Narala was her supervisor. (Am. Compl. ¶¶ 4–5, Nov. 29, 2012, ECF No. 19). On January 30, 2012, Plaintiff filed her original complaint in state court, alleging various constitutional and state tort claims. (*See* Pet. for Removal, June 6, 2012, ECF No.1). Defendants removed, and on September 12, 2012, moved to dismiss the compliant, contending that each of Plaintiff's five causes of action failed as a matter of law. (Mot. to Dismiss, Sep. 12, 2012, ECF No. 16). Plaintiff did not file a response to the motion. (Order, Apr. 26, 2013, ECF No. 35, at 2). Instead, on November 29, 2012, and well after the deadline to do so, she filed an amended complaint without approval from the Court. (*Id.*). The

untimely amended complaint simply restated the allegedly deficient allegations, and purported to add a claim pursuant to Title VII for discrimination and retaliation. (*Id.*). As such, the amended complaint was insufficient to constitute a substantive amendment that would moot the first motion to dismiss. (*Id.*). Shortly thereafter, Defendants filed a renewed motion to dismiss. (*Id.*).

On April 26, 2013, this Court issued an Order granting the first motion to dismiss with respect to Plaintiff's five original claims.[1] (*See generally id.*). Then, attempting to give her the benefit of the doubt, the Court granted Plaintiff a retroactive extension with respect to her new, sixth claim, and applied the second motion to dismiss against that claim. (*Id.* at 4). The Court then dismissed the sixth claim, finding that Plaintiff had failed to properly allege exhaustion of administrative remedies. However, in an effort to give Plaintiff a final opportunity to prosecute the case, the Court granted leave to amend to add the necessary allegations regarding exhaustion. The Court *explicitly ordered* Plaintiff to file her amended complaint within fourteen days of the entry of the Order. (*Id.*). Plaintiff did not comply, and the deadline expired on May 10, 2013, (*See id.*).

TMWA waited three additional weeks for Plaintiff to amend her complaint before filing the instant Motion, in which it requests that Plaintiff's case be dismissed with prejudice for failure to comply with the Court's Order. (*See* Mot. to Dismiss, ECF No. 36, at 4). A week later, Plaintiff filed two untimely pleadings: (1) a "request for enlargement of time"; and (2) a fugitive Second Amended Complaint. (*See* ECF Nos. 37 and 38). Plaintiff also filed an Opposition to the instant Motion (ECF No. 37), and Defendant moved to strike the proposed Second Amended Complaint, (ECF No. 41).

---

[1] The Court's dismissal of the five original claims effectively dismissed Narala as a defendant in this action, as Plaintiff's sixth cause of action, brought under Title VII, was alleged against TMWA only. (*See* Am. Compl., ECF No. 19).

**II. DISCUSSION**

As an initial matter, Plaintiff's untimely request for an enlargement of time is denied. Federal Rule of Civil Procedure 6(b) provides, in relevant part, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). Similarly, Local Rule 6-1 provides that "[a] request [for enlargement] made after the expiration of the specified period shall not be granted unless the moving party, attorney, or other person demonstrates that the failure to act was the result of excusable neglect."

Making no attempt to comply with this Court's Order until after TMWA brought its most recent Motion to Dismiss, Plaintiff included a request for enlargement of time in her opposition and simultaneously filed her second amended complaint over thirty days late. The substance of this untimely request demonstrates a complete lack of diligence on the part of Plaintiff's counsel, Attorney Dickerson, and does not approach the showing required to establish the excusable neglect. Indeed, the only explanation offered in Plaintiff's request is that counsel "failed to calendar that date," and that counsel "cannot recreate an explanation for why it was not calendared." (Opp'n, June 11, 2013, ECF No. 37, at 1). Counsel neither cites any authorities nor acknowledges the governing procedural rules. (*Id.*). Instead, he blithely asserts that the failure was a mere "oversight that professional courtesy should forgive." (*Id.* at 2). With respect to this claim, the Court disagrees; it has extended multiple professional courtesies to Plaintiff in this case, and counsel has responded with a complete disregard for an explicit Court order.

Furthermore, counsel's failure, in the present case, does not justify an extension of time under Federal Rule 6(b) or Local Rule 6-1. First, "any extension of a time limitation [under

Federal Rule 6] must be "'for cause shown,'" *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990), and Plaintiff's counsel has not even attempted to explain the cause of his failure to calendar a court-ordered deadline. Second, counsel's unexplained failure to calendar does not amount to excusable neglect. *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (Counsel's failure to calendar deadline did not constitute excusable neglect.); *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984) (Inadvertence or oversight of counsel does not constitute "excusable neglect" that would justify an extension of time of time for filing papers under Rule 6(b)(2).); *Halmon v. Jones Lang Wootton USA*, 355 F. Supp. 2d 239, 242 (D.D.C. 2005) (characterizing as "lame" counsel's excuse that she "did not place the due date on her calendar"). Were the Court to find that such conduct constituted "excusable neglect," the standard would be rendered meaningless. Indeed, counsel could always aver that he or she inadvertently forgot about the relevant deadline, and, in most cases, it would be extremely difficult to refute such allegations. *See Wei*, 763 F.2d at 372. Moreover, granting an enlargement of time under the present circumstances would greatly undermine the integrity of this Court's orders. Accordingly, Plaintiff's request for an enlargement of time is denied.

Based on the forgoing, Plaintiff no longer had leave to amend when she filed her proposed Second Amended Complaint. Therefore, the Court grants Defendant's Motion to Strike. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("District courts have the inherent power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case.") Consequently, there is no legally operative complaint before the Court, and the case is closed.[2]

---

[2] Without delving too deep, even if the proposed Second Amended Complaint could survive the Motion to Strike, the Court has serious doubts with respect to whether it could survive a Rule 12(b)(6) motion to dismiss.

Furthermore, Federal Rule of Civil Procedure 41(b) provides an additional basis for dismissing this action. Under Rule 41(b), "[t]here is no question that a [d]istrict [c]ourt has the power to dismiss a claim of a plaintiff with prejudice for failure to comply with an order of the court." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 947 (9th Cir. 1976) (citing *Link v. Wabash R.R.*, 370 U.S. 626 (1962)); *Ferdik*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action for failure to obey a court order, the court considers five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir.1986); *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61.

The present action has been pending for almost a year and a half. During that time, Plaintiff had multiple opportunities to file a proper complaint, and her failure to do so has needlessly consumed costly judicial resources. This delay in prosecution has not only triggered the presumption of prejudice to defendants, *see Anderson v. Air West,* 542 F.2d 522, 524 (9th Cir.1976) (A presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.), it has created a risk of actual prejudice. The events giving rise to this action occurred more than two years ago. Due to this largely needless passage of time, pertinent witnesses may have become unavailable, and Defendants may have been exposed to additional liability with respect to Plaintiff's claims for back pay, (*See* Second Am. Compl. ¶28, June 11,

2013, ECF No. 38). Moreover, Defendants have been needlessly forced to expend resources by repeatedly filing motions on matters that Plaintiff should have resolved long ago.

The Court already attempted to implement a less-drastic alternative by considering Plaintiff's untimely First Amended Complaint, finding it deficient, and granting leave to amend. Because Plaintiff's counsel violated the court-ordered deadline to amend the complaint, there is no operative complaint presently before the Court. Accordingly, the Court cannot provide an alternative less drastic than dismissing the action. Therefore, because each of the relevant factors weighs in favor of dismissal, Rule 41(b) provides an additional basis for dismissing the action with prejudice.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Strike (ECF No. 41) is GRANTED.

IT IS FURTHER ORDERED that the case is CLOSED, and that the Clerk of the Court shall enter judgment accordingly.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 36) is DENIED as moot.

IT IS SO ORDERED.

Dated: October 29, 2013

_____
ROBERT C. JONES
United States District Judge